**WESTCHESTER MANAGEMENT CORP., d/b/a Salem Park Nursing Home, Plaintiff,**

v.

**The UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

No. C–1–90–0559.

United States District Court, S.D. Ohio, W.D.

Jan. 29, 1991.

Geoffrey Everett Webster, Columbus, Ohio, for plaintiff.

Donetta Donaldson Wiethe, U.S. Dept. of Justice, Cincinnati, Ohio, for defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

SPIEGEL, District Judge.

This matter is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction (doc. 3). The plaintiff responded (doc. 4), and the defendant replied (doc. 6). The plaintiff, Westchester Management Corporation (d/b/a Salem Park Nursing Home), is a skilled nursing facility operating under the Medicare pro-

gram, 42 U.S.C. § 1395 *et seq.* Community Mutual Insurance Company (acting as Medicare's fiscal intermediary) disallowed certain costs claimed by plaintiff on its 1984 Medicare cost report. The plaintiff then sought a hearing before a hearing officer for the Blue Cross and Blue Shield Association. The hearing officer affirmed Community Mutual's decision. Plaintiff now seeks a review of that decision by this Court.

The defendant in this action has filed a motion to dismiss on the grounds that this Court lacks jurisdiction to proceed with this matter. The plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1346 and 42 U.S.C. § 1395*oo* (f)(1). For the reasons set forth below, defendant's motion to dismiss must be granted.

The Medicare program was created as an amendment to the Social Security Act in 1965. Under Part A of the program, eligible beneficiaries obtain health care services from "providers of services" such as the plaintiff. The providers are reimbursed by the government, usually through fiscal intermediaries under contract with the Secretary such as Community Mutual Insurance.

The determination of the amount of reimbursement due a provider is made by the fiscal intermediary in accordance with the statute, regulations and agency manuals. If the amount in controversy in $10,000 or more, a provider may request a hearing to review the intermediary's decision before the Provider Reimbursement Review Board (PRRB). 42 U.S.C. § 1395*oo* (f)(1). If the amount in controversy is less than $10,000 but equal to or greater than $1,000, the provider is entitled to an administrative hearing before the intermediary pursuant to 42 C.F.R. § 405.1809(b)(2). A Health Care Financing Administration (HCFA) review officer may review the intermediary hearing officer's decision at the request of the provider or at the discretion of the HCFA pursuant to HCFA Pub. 15–1, § 2917 (2/85).

▪ It is well settled that the United States District Courts only possess the jurisdiction that Congress has conferred on

them. *South Carolina v. Katzenbach*, 383 U.S. 301, 86 S.Ct. 803, 15 L.Ed.2d 769 (1966). The plaintiff in this action alleges jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1346 and 42 U.S.C. § 1395*oo* (f)(1). 28 U.S.C. § 1331 entitles the district courts to "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1346(a)(2) entitles district courts to original jurisdiction over claims against the United States "founded upon the Constitution, or any Act of Congress, or any regulation of an executive department...." However, 42 U.S.C. § 405(h) states that the Secretary's decisions made after a hearing shall be binding on all parties to that hearing. Section 405(h) further specifies, "No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405 is part of the Social Security Act, but 42 U.S.C. § 1395ii incorporates § 405(h) into the Medicare Act. 42 U.S.C. § 1395ii states:

> The provisions of sections 406 and 416(j) of this title, and of subsections (a), (d), (e), (h), (i), (j), (k), and (*l*) of section 405 of this title, shall also apply with respect to this subchapter to the same extent as they are applicable with respect to subchapter II of this chapter.

Therefore, 42 U.S.C. § 405(h) via 42 U.S.C. § 1395ii specifically denies federal jurisdiction under 28 U.S.C. § 1331 or 28 U.S.C. § 1346 for claims arising under the Medicare Act.

▪ The plaintiff next asserts that 42 U.S.C. § 1395*oo* (f)(1) empowers this Court to review the intermediary's decision in this case. However, § 1395*oo* (f)(1) grants district court review only of Provider Reimbursement Review Board (PRRB) determinations or modifications of those PRRB decisions by the Secretary. A provider is entitled to a PRRB determination pursuant to 42 U.S.C. § 1395*oo* (a) only if the amount in controversy is $10,000 or more. 42 U.S.C. § 1395*oo* (a)(2). The plaintiff in this case has specifically alleged in his com-

plaint that the amount in controversy is between $1,000 and $9,999. Therefore, this Court does not possess jurisdiction over this matter.

Where the amount in controversy is at least $1,000 but less that $10,000, 42 C.F.R. § 405.1809(b)(2) entitles the provider to an intermediary review. The plaintiff in this action was entitled to an administrative review by the Blue Cross Blue Shield Association as Medicare's intermediary. The plaintiff received a hearing before a hearing officer for the Blue Cross Blue Shield Association which issued a written decision affirming Community Mutual's adjustments. The plaintiff was further entitled to an appeal of the intermediary's decision to the Director of the Hearings Staff for HCFA. On June 5, 1990, a hearing officer of HCFA affirmed the intermediary's decision. As set forth above, this Court has not been granted jurisdiction to review the HCFA's decision. In fact, the Provider Reimbursement Manual specifically states that "[t]here is no appeal from the decision of an HCFA review officer." HCFA Pub. 15–1, § 2917 (2/85).

The plaintiff asserts that the intermediary's reliance on a general instruction of the HCFA that was not enacted as a law is an unconstitutional use of an unpromulgated rule. Plaintiff further asserts that after the intermediary's decision was affirmed, the substance of plaintiff's claims rather than the amount of reimbursement in dispute determines its right to judicial review. However, the United States Supreme Court has stated, "[T]o be true to the language of the statute, the inquiry in determining whether § 405(h) bars federal-question jurisdiction must be whether the claim 'arises under' the Act, not whether it lends itself to a 'substantive' rather than a 'procedural' label." *Heckler v. Ringer*, 466 U.S. 602, 615, 104 S.Ct. 2013, 2021, 80 L.Ed.2d 622 (1984). That Court has further stated:

> [§ 405(h)'s] reach is not limited to decisions of the Secretary on issues of law or fact. Rather, it extends to any 'action' seeking 'to recover on any [Social Security] claim'—irrespective of whether resort

to judicial processes is necessitated by discretionary decisions of the Secretary or by his nondiscretionary application of allegedly unconstitutional statutory restrictions.

*Weinberger v. Salfi*, 422 U.S. 749, 762, 95 S.Ct. 2457, 2465, 45 L.Ed.2d 522 (1975).

The plaintiff in this case has failed to meet the jurisdictional requirements set forth by Congress for challenging an adverse determination by the Secretary. Plaintiff's argument that it has stated a constitutional issue does not empower this Court to exercise jurisdiction. Congress, as stated above, clearly limited judicial review to cases involving at least $10,000. Congress included, in 42 U.S.C. § 1395oo (b), a provision whereby groups of providers could aggregate claims involving common questions of fact or law that total at least $50,000 to entitle them to review before the Board (and thus judicial review) without regard to the $10,000 jurisdictional limitation. Congress modified this legislation prior to enactment to provide for such groups, but did not amend the $10,000 requirement for individual providers. *See* S.Rep. No. 92–1230, 92d Congress, 2d Session 248–49 (1972) and H.Rep. No. 92–1605, 92d Congress 2d Session 54–55 (1972). Thus, it appears from the legislative history that Congress was aware that in limiting Board review to cases in which at least $10,000 was in controversy and in providing judicial review only for Board decisions, that it was limiting judicial review to cases involving at least $10,000.

Accordingly, the defendant's motion to dismiss this action for lack of subject matter jurisdiction is hereby granted.

SO ORDERED.